(No. 18945.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES J. BOLLNOW, Plaintiff in Error.

*Opinion filed October 25, 1928.*

WILLIAM A. ADAMS, (LESTER C. CHILDS, and ELMER D. BROTHERS, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and ROY D. JOHNSON, (EDWARD E. WILSON, JOHN HOLMAN, and CHARLES J. DOUGHERTY, of counsel,) for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error was in the criminal court of Cook county found guilty of an assault with intent to commit murder and sentenced to the Joliet penitentiary. He brings the record to this court for a review on writ of error.

The indictment herein consisted of three counts, the first of which charged plaintiff in error with an assault upon Floyd Boddy with a shot-gun with intent to kill him. The other two were counts charging, in apt language, plaintiff

in error with an assault upon Floyd Boddy with intent to inflict a bodily injury on him. There was evidence on the part of the State that tended to prove an assault with intent to kill Floyd Boddy. There was also evidence which tended to show an assault on William Boddy with intent to kill him. There was evidence on the part of the defendant that he did not make an assault upon either Boddy and that he did not intend to kill either of them; that he fired his shot-gun at a stone arch a short distance from the side of the door in which Floyd Boddy was standing and which arch was hit by the shot. Floyd Boddy was about ten or twelve feet from plaintiff in error when the shot was fired. Plaintiff in error testified that he could have shot Floyd Boddy's head off his shoulders but that he wouldn't shoot a man. Floyd Boddy testified that just before the shot was fired plaintiff in error said he was going to shoot William Boddy, witness' father. No person was shot. Plaintiff in error was a man who spent considerable time hunting.

Numerous errors are assigned, only one of which is it necessary to consider.

At the request of the State's attorney the court gave to the jury, among others, the following instruction, the italics being ours:

"The court instructs the jury that if you believe from the evidence, beyond a reasonable doubt, that the defendant with malice aforethought, either express or implied, made an assault with a deadly weapon upon Floyd Boddy, *or any other person,* with intent to kill the said Floyd Boddy, *or any other person,* then the jury should find the defendant guilty even though it should appear that the intention was not to shoot Floyd Boddy but to shoot some other person present on that occasion."

While it is the established law of this State that where a person deliberately shoots at one person and in the direction of another, who is wounded by the shot, an intention to kill the latter is established although no actual malice or

ill-feeling toward him is shown, and a conviction may be had of an assault upon the wounded person with intent to kill and murder him, as the malice requisite to murder is presumed where the proof is that the act was committed deliberately and was likely to be attended with dangerous consequences, (*People* v. *Cohen,* 305 Ill. 506,) yet all the authorities agree upon the general proposition that in a prosecution for an assault with intent to murder, or with intent to commit some other felony, the specific intent charged is the gist of the offense and must be proven as charged in the indictment to warrant a verdict of guilty. (*People* v. *Connors,* 253 Ill. 266; *Friederich* v. *People,* 147 id. 310; *Crosby* v. *People,* 137 id. 325.) The only assault charged in the indictment in this case was an assault on Floyd Boddy, and the only intent to kill alleged in the indictment was an intent to kill Floyd. This instruction authorized the jury to find the defendant guilty if they found from the evidence, beyond a reasonable doubt, that he made an assault upon some person other than Floyd Boddy with intent to kill some person other than Floyd. There was evidence in the record from which the jury might have found that plaintiff in error made an assault upon William Boddy with intent to kill him and that he did not make an assault upon Floyd Boddy with intent to kill Floyd Boddy, and by this instruction they are told that if they did so find they should find him guilty. Under the constitution of this State, before plaintiff in error could be convicted and sentenced to the penitentiary for an assault upon William Boddy with intent to kill him he must first have been indicted for that offense by a grand jury of the county in which the crime was committed. The giving of this instruction was reversible error.

The judgment of the criminal court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*